UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

DAVID TRAVIS FRAZIER,          )
                               )
    Plaintiff,                 )
                               )    No.: 1:15-CV-089-CLC-CHS
v.                             )
                               )
STEVEN CRUMP, JERRY ESTES,     )
CAROLL ROSS, JIM MAYFIELD,     )
TENNESSEE BOARD OF PAROLE,[1]  )
WILLIAM ARCHER, and POLK       )
COUNTY,[2]                     )
                               )
    Defendants.                )

## MEMORANDUM & ORDER

The Court is in receipt of a pro se prisoner's civil rights complaint under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 2]. It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**. For the reasons set forth below, however, process shall not issue and this action will be **DISMISSED**.

### I.   Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim

---

[1] As the State of Tennessee has a Board of Parole, rather than a Board of Probation, the Clerk is **DIRECTED** to correct the docket sheet to reflect that the Tennessee Board of Parole is the proper Defendant in this case.

[2] As it is apparent from the complaint that Plaintiff intended to name Polk County as a Defendant in this action, the Clerk is **DIRECTED** to add Polk County as a Defendant on the Court's docket sheet.

for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

2

Case 1:15-cv-00089-CLC-CHS   Document 4   Filed 10/31/16   Page 2 of 10   PageID #: 61

## II. Complaint Allegations and Claims[3]

First, Plaintiff asserts that on June 16, 2004, he entered into a plea agreement for two charges of felony evading arrest that provided Plaintiff would serve a two-year sentence for each of the charges, with the sentences to be served concurrently [Doc. 1 p. 3, 8]. On July 29, 2004, this plea agreement was accepted by Defendant Judge Ross, but the sentences were suspended and Plaintiff was placed on probation [*Id.* at 3, 8, and 41–42]. After Plaintiff violated his probation for these felony evading arrest charges three times, his probation was revoked and he was ordered to serve his two-year sentences concurrently with credit for time served [*Id.* at 27–30].

As Plaintiff was out on bail at the time he committed his second offense of evading arrest, however, Tennessee law required that Plaintiff's sentences be served consecutively, rather than concurrently, and Plaintiff's sentence therefore violated Tennessee law [*Id.* at 8]. *See* Tenn. Code Ann. § 40-20-11(b) and Tenn. R. Crim. P. 32(c)(3)(C). Accordingly, in 2014, approximately six and a half years after his two-year concurrent sentence had expired, Plaintiff was allowed to withdraw his plea and agree to a new sentence [*Id.* at 45]. Plaintiff again entered a plea of guilty and agreed to a sentence of one year for each charge of evading arrest, to be served consecutively, a sentence which Plaintiff asserts is correct [*Id.* at 17, 44–45].

Based on these facts and liberally construing the complaint in favor of Plaintiff, Plaintiff asserts the following:

---

[3] While the Court has spent a significant amount of time reviewing Plaintiff's twenty-five-page complaint, the twenty-two pages of exhibits thereto, and the numerous cases Plaintiff cites therein, the complaint is redundant and difficult to follow. Thus, the Court will not address every allegation set forth in the complaint, but will instead summarize the substance of the complaint and supporting documents as the Court understands them.

(1) the illegal sentence of concurrent, rather than consecutive, sentences resulted from deliberate indifference that was a custom and practice of Polk County, including a failure to train, and violated his Eighth and Fourteenth Amendment rights, as his sentence was started over and this deprived him of his liberty without due process [*Id.* at 8–12, 22];

(2) his two-year concurrent sentences violated Tennessee law because they were not the presumptive minimum sentence, as required by Tennessee law where no enhancement or mitigating factors are placed in the record, and the sentence thereby exceeded the statutory authority of the trial court and was outside the trial court's jurisdiction [*Id.* at 13–16];

(3) Plaintiff's time for his two-year concurrent sentences was incorrectly entered and he therefore did not get credit for certain time and served one year over the amount of time he was supposed to serve [*Id.* at 17–19];

(4) Defendants' acts unlawfully violated Plaintiff's privacy and amounted to false arrest and abuse of process [*Id.* at 22];

(5) Defendants' acts deprived Plaintiff of his right to be free of unreasonable seizure [*Id.*]; and

(6) Defendants' acts deprived Plaintiff of his right to be free from government acts and to petition the government for redress of grievances [*Id.*].

### III.  Legal Analysis

#### A.  Time-Barred Claims

As it is apparent Plaintiff knew, or had reason to know, of both (1) his claim alleging time on his sentence was entered incorrectly, including his assertion that his sentence was "started over," and (2) his claim that his 2004 sentences violated Tennessee Code Annotated § 40-35-210(c) more than a year prior to filing his complaint, these claims are time-barred.

4

Congress did not provide a statute of limitations for claims arising under 42 U.S.C. § 1983, and courts therefore apply state statutes of limitations to those claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). In Tennessee, a one-year statute of limitations is applicable to § 1983 actions. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(3).

First, as to Plaintiff's claim alleging time on his sentence was entered incorrectly, including his assertion that his sentence was "started over," Plaintiff attached a letter to his complaint in which Plaintiff said he disagreed with the jail's calculation of his expiration date for those sentences and the judge "did not start [his] time over" [Doc. 1 p. 38–39]. It is apparent from this letter that Plaintiff was serving his two-year concurrent sentences at the time he wrote it, and those sentences expired in 2008 [*Id.* at 31, 38–39]. Further, Plaintiff had at least constructive knowledge that the sentence he agreed upon in his plea agreement did not conform with Tennessee Code Annotated § 40-35-210(c) when he entered that agreement in 2004.

As such, these claims are time-barred and therefore will be **DISMISSED**. As these are the only claims against Defendant Boring and the Doe Defendants, these Defendants will be **DISMISSED**.

### B. Judicial and Quasi-Judicial Immunity

Plaintiff also makes various claims against Defendant Judge Ross, Defendant District Attorney Jerry Estes, Defendant Former Assistant District Attorney Steven Crump, Defendant Probation Officers Mayfield and Archer, and Defendant Tennessee Board of Parole. Judges, however, are entitled to absolute judicial immunity from suits for money damages, including § 1983 civil suits, for all actions taken in the judge's judicial capacity, unless the actions are taken in the complete absence of any jurisdiction or the act complained of is not a "judicial act."

5

*See King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985); *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam); *Johnson v. Turner*, 125 F.3d 324, 325 (6th Cir. 1985). This immunity extends to persons who perform quasi-judicial functions, such as prosecutors and probation officers, for acts performed in that capacity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (holding that "quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune."); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (holding that prosecutors were entitled to absolute immunity using a "functional" test); *Loggins v. Franklin Cty*, 218 F. App'x 466, 476 (6th Cir. 2007) (finding that probation officers are entitled to quasi-judicial immunity to the extent they are performing judicial duties).

To determine if an act qualifies as a "judicial act," the court should look at whether it is an act normally performed by a judge. *Stump*, 435 U.S. at 362. The "expectations of the parties" must also be considered. *Id*. To lose the protection of judicial immunity, a judge must act not merely in "excess of [his] jurisdiction," but in the "clear absence of all jurisdiction." *Bradley v. Fisher*, 80 U.S. 335, 351 (1871).

In the instant case, Plaintiff alleges he entered into a plea agreement offered by Defendants Estes and Crump, the attorneys prosecuting him for evading arrest, this plea agreement contained an illegal sentence, and Defendant Judge Ross accepted this plea agreement and imposed the illegal sentence [Doc. 1 p. 3, 8–12, 18]. Plaintiff also generally alleges Defendant Tennessee Board of Parole should have known the two two-year concurrent sentences were illegal [*Id.* at 18]. Thus, Plaintiff's claims against all of the judicial and quasi-judicial Defendants arise out of the imposition of an illegal sentence, which is clearly a judicial act that was within Defendant Judge Ross's jurisdiction.

6

Defendant Judge Ross, Defendant District Attorney Jerry Estes, Defendant Former Assistant District Attorney Steven Crump, Defendant Probation Officers Mayfield and Archer, and Defendant Tennessee Board of Probation are therefore entitled to judicial immunity for the claims in the complaint and they will therefore be **DISMISSED**.

### C. Claims against Polk County

As Defendant Polk County is the only remaining Defendant in this case, the Court must now address Plaintiff's timely claims against this Defendant. These include Plaintiff's assertions that the illegal sentence (1) violated his Fifth, Eighth, and/or Fourteenth Amendment rights; (2) violated Tennessee law by being an invasion of privacy, false arrest, and abuse of process; (3) violated Plaintiff's right to be free from unreasonable seizures; and (4) violated Plaintiff's right to be free from government acts and to petition the government for redress of grievances.

First, Plaintiff asserts the two two-year concurrent sentences violated his Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment, however, only forbids sentences that are "grossly disproportionate to the severity of the crime." *Rummel v. Estelle*, 445 U.S. 263, 271 (1980). Plaintiff has not set forth any facts from which the Court can plausibly infer that his two-year concurrent sentences were grossly disproportionate to the severity of his crimes. Plaintiff also specifically acknowledges that his two one-year sentences, served consecutively, are the "correct" sentences for his crimes. Thus, Plaintiff has failed to state a claim for violation of the Eighth Amendment upon which relief may be granted under § 1983.

Plaintiff also asserts the illegal two-year concurrent sentences violated his Fifth and/or Fourteenth Amendment rights because they caused a deprivation of liberty without due process

7

of law.[4]  Specifically, Plaintiff states he suffered a loss of liberty of more than one thousand days[5] due to this illegal sentence [Doc. 1 p. 15–16].  In support thereof, Plaintiff cites Tennessee Code Annotated § 40-35-104(b)(1), which states that "[a] defendant who is convicted of a felony after November 1, 1989, and who is sentenced to at least one (1) year, but not more than three (3) years, shall not be sentenced to serve the sentence in the department of correction . . . ."  Plaintiff relies on this statute as well as Tennessee Code Annotated § 41-2-146[6] and § 41-2-150 to assert that, if he had originally been sentenced to one-year consecutive sentences, he would have been allowed or required to serve his sentence in a work house and therefore would have received jail credit of two days for one [*Id.* at 15–16].

Even if Plaintiff is correctly construing these statutes, however, they would apply in the same manner to both his two concurrent two-year 2004 sentences and his two consecutive one-year 2014 sentences, as all of these sentences are at least one year, but not more than three years.  Thus, the Court cannot plausibly infer Plaintiff suffered any loss of liberty due to the fact that his two concurrent two-year 2004 sentences violated Tennessee law or that any sentence was imposed without due process of law, and this claim fails to state a claim for violation of the Fifth or Fourteenth Amendments.

Further, Plaintiff has not set forth any facts to support his allegations regarding violation of his right to be free from unreasonable seizures, to be free from governmental acts, and/or to

---

[4] To the extent this claimed loss of liberty arises out of Plaintiff's assertion that his time was entered incorrectly and/or his time was improperly started over, those claims are time-barred as set forth above.

[5] Plaintiff does not explain how he calculated the number of days.  He refers to varying numbers of days for his alleged loss of liberty throughout his complaint, all of which are over one thousand days.

[6] While Plaintiff cites § 40-2-146 in his complaint in support of this argument [Doc. 1 p. 15], it is apparent from the substance of his allegations that he intended to cite § 41-2-146.

petition the government for redress of grievances. Accordingly, these claims will be **DISMISSED**.

As the Court has now dismissed all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims that the illegal sentence violated Tennessee law by being an invasion of privacy, false arrest, and abuse of process. *Booker v. City of Beachwood*, 451 Fed. App'x 521, 523 (6th Cir. 2011). These claims will therefore be **DISMISSED without prejudice**.

### IV. Conclusion

As set forth above, the Court has now dismissed all claims in the complaint, and this action therefore will be **DISMISSED**. Because Plaintiff is an inmate in the Federal Correctional Institution at Memphis ("FCI Memphis"), he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three

9

hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden and Custodian of Inmate Accounts at FCI Memphis, and to the Commissioner of the Bureau of Prisons to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee.  The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

Further, the Court **CERTIFIES** that any appeal from this order would not be taken in good faith and the Court will therefore **DENY** Plaintiff leave to appeal *in forma pauperis*.

**An appropriate order will enter**.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**